```
UNITED STATES DISTRICT COURT                           F I L E D
EASTERN DISTRICT OF NEW YORK                          IN CLERK'S OFFICE
------------------------------------------------X     U. S. DISTRICT COURT E.D. N.Y.
ANTHONY O'GARRO,
                                                    ★   JUN 1 3 2005   ★
                    Plaintiff,
        -against-                                     99 CV 6907 (SLT) (CLP)

                                                      MEMORANDUM
MAUREEN WENSLEY, et. al.,                             & ORDER

                    Defendant,
------------------------------------------------X
TOWNES, District Judge:
```

On or about October 26, 1999, plaintiff Anthony O'Garro ("Plaintiff"), proceeding *pro se*, brought this action against defendants Maureen Wensley, Glen Hallahan, Henry Sung, Jae Shim, and Sue D[1]. Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his civil rights, including excessive force by various police officers during the questioning of Plaintiff in connection with a series of robberies.

On October 7, 2004, Tracie A. Sundak, Esq., counsel for Plaintiff, moved to be relieved as Plaintiff's attorney of record. Defendants did not file an opposition to this motion. Instead, on November 18, 2004, they filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This motion is also unopposed. On February 7, 2005, this Court referred the motions to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation. This Court adopts Judge Pollak's Report and Recommendation in its entirety.

*Standard of Review*

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation

---

[1] Defendant Sue D. was neither identified further, nor served with the Plaintiff's complaint. She has therefore not filed an Answer. Nevertheless, the remaining defendants are referred to as "Defendants" in this Memorandum and Order.

as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. *See id.*

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Here, Judge Pollak recommended that the motions filed by both Ms. Sundak and the Defendants be granted. She therefore recommended that Plaintiff's complaint be dismissed for failure to prosecute. Objections to Judge Pollak's Report and Recommendations were due by May 26, 2005. Neither party filed any such objections with this Court. Upon review of the recommendations, this Court adopts and affirms the Report and Recommendation of Magistrate Judge Pollak.

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Brooklyn, New York
Dated: June 7, 2005